IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL GENERAL INSURANCE COMPANY, ) | ) | |
| Plaintiff, ) | ) | Civil Action No. 1:19-cv-212 |
| v.  ) | ) | Judge Cathy Bissoon |
| MARK SHELDON, ) | ) | |
| Defendant. ) | | |

**MEMORANDUM ORDER**

Defendant Mark Sheldon's Motion for Summary Judgment ("Def. MSJ," Doc.12) is granted.  Plaintiff National General Insurance Company's Motion for Summary Judgment ("Pl. MSJ," Doc. 15) is denied.

**I.     MEMORANDUM**

   **A.  Background**

Both parties agree on the basic material facts of this case: Defendant purchased a motorcycle, insuring it with a different insurance company, Dairyland Insurance Company ("Dairyland"), although he had a preexisting automobile insurance policy ("National General Policy,") with Plaintiff.  Plaintiff's Concise Statement of Undisputed Facts in Support of Motion for Summary Judgment ¶¶1-6 ("Pl. SOF," Doc. 17).  Defendant did not inform Plaintiff of this purchase, although it is unclear whether the insurance broker Defendant used for both policies may have informed Defendant of this purchase. Id. at ¶4.  Defendant's policy with Plaintiff included "stackable," Underinsured Motorist Coverage ("UIM") of $100,000 per person for bodily injury

on four vehicles, for a total of $400,000 in coverage.[1]  Defendant's Concise Statement of Material Facts ¶2 ("Def. SOF," Doc. 13).

A third-party individual later struck and injured Defendant while he was operating his motorcycle, which was still insured by Dairyland.  Pl. SOF ¶¶8, 11.  After settling his claim with this third-party for that individual's maximum liability insurance coverage ($15,000) Defendant recovered $50,000 in his underinsured motorist coverage from Dairyland.  Id. at ¶¶10-13.  Defendant later sought coverage from his National General Policy for the policy limits of his UIM benefits, which Plaintiff denied under the "household vehicle exclusion" exception.  Def. SOF ¶5.

Plaintiff seeks a declaration that (1) the "household vehicle exclusion" in the National General Policy is valid and enforceable against Defendant; (2) Defendant is not entitled to UIM benefits pursuant to the "household vehicle exclusion" in the National General Policy; (3) Plaintiff is not obliged to pay UIM benefits to Defendant pursuant to the "household vehicle exclusion" in the National General Policy; (4) and any other relief as the Court deems appropriate.  Complaint at 6 (Doc. 1).

Defendant argues that the "household vehicle exclusion" provision is in violation of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa. C.S.A. §1738, as determined by the Pennsylvania Supreme Court in Gallagher v. GEICO Indemnity Company, 201 A.2d 131 (Pa. 2019), and is thus invalid and unenforceable.  Def. MSJ ¶3.  In response, Plaintiff argues that the facts of Gallagher are inapplicable to this case and that there is no basis to extend its holding to this type of case.  Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment at 2, ("Pl. Opp.," Doc. 23).  At issue before this Court is whether a "household

---

[1] The parties do not dispute the existence of such a policy, but the crux of this case is Plaintiff's argument that a "household vehicle exception" in this policy precludes coverage for Defendant's motorcycle.

vehicle exclusion" violates Pennsylvania state law when applied to two separate insurance companies issuing two separate policies that include "stacking" UIM coverage for motor vehicles versus a motorcycle for one individual.

### B. Application of Gallagher

The Pennsylvania Supreme Court in Gallagher determined that the "household vehicle exclusion" violates the MVFRL because the exclusion "impermissibly acts as a de fact waiver of stacked uninsured and underinsured motorist ("UM" and "UIM," respectively) coverages." Gallagher, 201 A.3d at 132. The plaintiff in Gallagher had two insurance policies with the defendant, one policy with UIM coverage for his motorcycle, and one for the plaintiff's two automobiles. Id. at 133. The plaintiff selected stacked UM and UIM coverage for both policies. Id. After settling the maximum policy limits against a third-party tortfeasor who injured the plaintiff while he was on his motorcycle, the plaintiff filed claims with GEICO seeking stacked UIM benefits under both benefits, receiving those under his motorcycle policy, but denied under the "household vehicle exclusion" under his automobile policy. Id.

The Pennsylvania Supreme Court determined that the MVFRL required a statutorily prescribed waiver rejecting stacked UM/UIM coverage. Gallagher, 201 A.3d at 137. The court found that because the household vehicle exclusion does not conform with the statutory requirements of UIM coverage waiver, and that the plaintiff purchased stacked UM/UIM coverage under both his policies, paying "premiums commensurate with that decision," that he "never chose to waive formally stacking as is plainly required by the MVFRL." Id. at 138. In its decision, the court contemplates that a situation could exist where "an insurer contends that it should not have to provide stacked coverage when an insured purchases UM/UIM coverage on his motorcycle in Policy A, and then purchases UM/UIM coverage on passenger cars in Policy B." Id. The court

observed that "[t]he obvious argument is that the insurer of the passenger cars is unaware of the potentiality of stacking between the car policy and the motorcycle policy." Id.

While the court states that such an argument was inapplicable where the same insurance company issued both policies, it further notes, generally, that "[t]here is simply no reason that insurers cannot comply with the Legislature's explicit directive to offer stacked UM/UIM coverage on multiple insurance policies absent a knowing Section 1738 waiver and still be fairly compensated for coverages offered and purchased." Id. Finally, the court concludes by stating, "We recognize that this decision may disrupt the insurance industry's current practices; however we are confident that he industry can and will employ its considerable resources to minimize the impact of our holding. For example, when multiple policies or insurers are involved, an insurer can require disclosure of all household vehicles and policies as part of its application process." Gallagher, 201 A.3d at 138 n.6.

The only difference between the facts of this case and those of Gallagher is that Defendant's motorcycle and automobile policies are issued by two different insurance companies. As in Gallagher, Defendant elected for "stacked" UIM coverage under both policies (see Ex. E, Doc. 17-5 and Ex. F, Doc. 17-6). As in Gallagher, Plaintiff argues that the household vehicle exclusion precludes stacked UIM coverage under the automobile policy.

While the Court has not found any binding authority[2] on these specific facts, it does note that such a scenario was contemplated and discussed, albeit in dicta, by Gallagher. See 201 A.3d

---

[2] The Court notes that a case with similar facts (involving stacking of UIM benefits by two different insurers and owned by two different parties) is pending before the court in the Eastern District of Pennsylvania at the summary judgment stage, but that it is statistically closed as of September 23, 2020. See Smith v. Nationwide Mutual Ins. Co., 2:19-cv-01217 (E.D. Pa. Sept. 23, 2020) (motion to dismiss by the insurance company denied in 392 F. Supp. 3d 540 (E.D. Pa. 2019).

at 138 (providing a specific example of actions insurance companies can take to ensure knowledge of multiple vehicles or policies issued or covered by other insurance companies).

Further, the Court is persuaded by the direction that other courts have taken since Gallagher that indicates that the same reason why the household vehicle exclusion violates the MVFRL when one insurance company provides two separate insurance policies to an individual should apply to different permutations of policy ownership, including—as here—a situation in which two different insurance companies have issued two separate policies. See, LM Gen. Ins. Co. v. LeBrun, 2020 WL 3574514 (E.D. Pa. July 1, 2020) (potentially permitting stacking between policies issued by different insurance companies at a motion to dismiss stage, provided that inter-policy stacking was not waived) and Stockdale v. Allstate Fire and Casualty Ins. Co., 441 F. Supp. 3d 99 (E.D. Pa. 2020) (allowing stacking between policies owned by different individuals by holding that the "household vehicle exclusion" was invalid under Gallagher when applied to stacking two separate UIM policies, one owned by the plaintiff, and one owned by her parents, with whom she resided).

At its core, Gallagher held that the household vehicle exclusion violates the MVFRL because it is an impermissible waiver of an individual's choice to select and pay for stacked UIM benefits. To this Court, that reasoning governs no matter who furnishes those benefits, whether it is one insurance company or two. The Court simply is not persuaded by the older cases cited by Plaintiff in its case, and notes that several of those cases were explicitly abrogated by Gallagher, although not overruled, including those with facts analogous to this case. See Plaintiff's Brief in Support of Motion for Summary Judgment at 6 ("Pl. Brief ISO," Doc. 16), citing Erie Ins. Exchange v. Baker, 972 A.2d 507 (Pa. 2009), abrogated by Gallagher v. GEICO Indem. Co., 201 A.3d 131 (Pa. 2019). Again, had the Gallagher court intended to limit its holding with respect to "household vehicle exclusion" provisions, it need not have mentioned specifically how Baker was

not binding precedent because it could have easily differentiated the facts of Gallagher by indicating that only one insurance company was involved. See Gallagher, 201 A.3d at 135 n.5.

This is different from the other case cited by Plaintiff, as that one addresses a different exclusion purporting to limit UIM coverage, which the Gallagher court specifically declined to address. Pl. Opp. at 11, citing Barnhart v. Travelers Home and Marine Ins. Co., 417 F. Supp. 3d 653 (W.D. Pa. 2019). See Gallagher, 201 A. 3d at 138 n.8 ("We offer no opinion or comment on the enforceability of any *other exclusion* to UM or UIM coverage or to coverage in general") (emphasis added). Plaintiff's argument is inapposite.

II.     **ORDER**

Consistent with the foregoing, Defendant's Motion for Summary Judgment (**Doc. 12**) is **GRANTED** and Plaintiff's Motion for Summary Judgment (**Doc. 15**) is **DENIED**. The Court finds that Plaintiff's "household vehicle exclusion" in the National General Policy is invalid and unenforceable.

IT IS SO ORDERED.

September 29, 2020                                     s\Cathy Bissoon
                                                       Cathy Bissoon
                                                       United States District Judge

cc (via ECF email notification):

All Counsel of Record